# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRANDY SHEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-01313 |
| v. ) | |
| ) | Judge Sharp |
| AT&T UMBRELLA BENEFIT PLAN ) | |
| NO. 1, ) | Magistrate Judge Griffin |
| ) | |
| Defendant. ) | |

## CASE MANAGEMENT ORDER

In accordance with Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.01, Plaintiff Brandy Shears ("Plaintiff" or "Shears") and Defendant AT&T Umbrella Benefit Plan No. 1 ("Defendant" or the "AT&T Plan"), through their respective counsel, have conferred regarding case management and jointly submit the following proposed case management order for the Court's approval.

### I. JURISDICTION AND VENUE

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 1132. Shears is seeking payment of benefits under a plan governed by Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). The parties agree that venue is appropriate in this Court.

### II. STATUS OF SERVICE OF PROCESS AND RESPONSIVE PLEADINGS

Shears filed the Complaint on December 20, 2012, and the AT&T Plan has been served. The parties have agreed that the AT&T Plan's responsive pleading should be filed on or before

February 6, 2013, and the Court has entered an order setting February 6, 2013 as the AT&T Plan's responsive deadline. (Docket Entry No. 14).

### III. PLAINTIFF'S THEORY OF THE CASE

Plaintiff has not yet reviewed the entire administrative record, but intends to argue that the plan's claim fiduciary improperly denied Plaintiff's claim for ERISA governed long term disability benefits and that Plaintiff is entitled to such benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

### IV. DEFENDANT'S THEORY OF THE CASE

Defendant states that Plaintiff's claim for benefits was properly adjudicated by the Defendant's claims administrator in accordance with the terms and conditions of the applicable Plan documents. Defendant also states that the claims denial should be reviewed under the arbitrary and capricious standard of review, and that the denial was legally correct and neither arbitrary nor capricious. Specifically, Defendant contends that consideration of relevant medical information revealed that Plaintiff did not meet the Plan's definition of disability.

### V. DISCOVERY

The parties agree that this is a denial of benefits case under ERISA § 502(a)(1)(B) and that judicial review is limited to a review of the Administrative Record. The parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Notice of Setting, (Docket Entry No. 3), agree that this matter is exempted from initial disclosure under Rule 26(a)(1)(B) as an "action for review on an administrative record," and stipulate that no party will seek discovery in this case.

## VI. FILING OF THE ADMINISTRATIVE RECORD AND DISPOSITIVE MOTIONS

The parties propose the following schedule for filing and confirming the Administrative Record, and for filing dispositive motions:

A. The AT&T Plan will file the Administrative Record and relevant plan documents and serve Shears with a copy of same by no later than **March 15, 2013**.

B. The parties at this point do not anticipate any dispute about the contents of the Administrative Record; however, should Shears have any objection to the content of the filed Administrative Record, such objection shall be filed no later than thirty (30) days from the date the Administrative Record was filed with the Court.

C. If Shears does not object to the Administrative Record, then the parties shall file their respective motions for Judgment on the Administrative Record on or before **June 21, 2013**. If Shears does file a timely objection, then the parties shall file their respective motions for Judgment on the Administrative Record ninety (90) days after all issues about the Administrative Record have been resolved.

D. The parties' respective responses to the cross motions for Judgment on the Administrative Record shall be filed thirty (30) days after the opposing party files its respective motion.

## VII. SUBSEQUENT CASE MANAGEMENT CONFERENCES

The parties do not anticipate the need for subsequent case management conferences. If such need arises, the parties may contact the Court to schedule a subsequent case management conference. Otherwise, any party may file a motion requesting further case management.

## VII. TRIAL

The parties agree that a trial is not permitted in this civil action under ERISA. Wilkins v. Baptist Healthcare Sys., 150 F.3d 609, 617-20 (6th Cir. 1998). Rather, the Court reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. Id. This case shall be decided on dispositive motions filed by the parties.

It is so **ORDERED** this the _____ day of _____, 2013.

                                                         JULIET GRIFFIN
                                                        United States Magistrate Judge

JOINTLY SUBMITTED FOR ENTRY:

s/ Robert E. Hoskins (w/permission)
Nathaniel W. Bax
Robert E. Hoskins
Foster Law Firm, LLC
P.O. Box 2123
Greenville, SC 29602

John K. Harber
Pryor, Flynn, Priest & Harber
Two Centre Square
Suite 600
Knoxville, TN 37902

*Attorneys for Plaintiff Brandy Shears*

s/ John E. B. Gerth
Waverly D. Crenshaw, Jr. (BPR # 9942)
John E. B. Gerth (BPR # 024439)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380 (telephone)
(615) 244-6804 (facsimile)
waverly.crenshaw@wallerlaw.com
jeb.gerth@wallerlaw.com

*Attorneys for Defendant AT&T Umbrella Benefit Plan No. 1*